UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| LAWRENCE ABNER, JR., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:16-cv-00136-SEB-DML |
| RONALD EVERSON Medical Doctor, LEANN WHEELER Medical Nurse, CHARLES MURPHY Jail Commander, | ) ) ) ) ) |
| Defendants. | ) |

**Entry Granting Defendant Wheeler and Murphy's Motion for Summary Judgment and Directing Further Proceedings**

Plaintiff Lawrence Abner, Jr., is a former inmate of the Jackson County Jail. He alleges that defendants Dr. Ronald Everson, Nurse Leann Wheeler and Jail Commander Charles Murphy are liable to him for violating his constitutional rights and state tort law. Specifically, Mr. Abner alleges that the defendants denied him medication prescribed by Dr. Cook while incarcerated at the Jackson County Jail. Defendants Nurse Wheeler and Jail Commander Murphy (hereinafter "defendants") seek resolution of the remaining claims through summary judgment.[1] For the reasons explained below, the motion for summary judgment, dkt. [27], is **granted.**

**I. Standard of Review**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty*

---

[1] Dr. Ronald Everson has not yet appeared in this action.

*Lobby, Inc.,* 477 U.S. 242, 248 (1986). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011). "The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325.

In this case, the defendants have met that burden through their unopposed motion for summary judgment. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."). By not responding to the motion for summary judgment, Mr. Abner has conceded to the defendants' version of the facts. *Brasic v. Heinemann's Inc.,* 121 F.3d 281, 286 (7th Cir. 1997). This is the result of Local Rule 56-1, of which Mr. Abner was notified. See dkt. 29. This does not alter the standard for assessing a Rule 56 motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

**II. Undisputed Facts**

Mr. Abner was booked into the Jackson County Jail on April 2, 2016 on several counts of theft and possession of a syringe. While at the Jail, Mr. Abner was treated by Dr. Ronald Everson, who is employed by Advanced Correctional Health, with which the Jackson County Jail contracts to provide medical services to the inmates. Mr. Abner also occasionally sees a medical doctor in Austin, Indiana. He was transferred to and from his appointments by employees of the Jackson County Jail. In his complaint, Mr. Abner states that he was prescribed medication "by Dr. Cook[e] from Austin, Indiana," which was then denied by employees of the Jail. Pursuant to Dr. Everson's orders, Defendants Murphy and Wheeler withheld this medication from Mr. Abner because it was a narcotic, which are generally not given to inmates.

Charles Murphy, as the jail commander, is not qualified to make medical decisions and must follow the orders of the treating physician.

Nurse Wheeler is not qualified to prescribe medication. Consistent with the division of labor inside the Jackson County Jail, Nurse Wheeler must follow the orders of Dr. Everson

**III. Discussion**

Mr. Abner contends that Jackson County Jail employees' refusal to distribute certain medication is "deliberate indifference" and accuses them of "medical neglect." The defendants argue that they are entitled to judgment as a matter of law because they acted appropriately by following the orders of Dr. Everson in regards to what medication Mr. Abner should receive.

The constitution imposes a duty on prison officials to provide medical care to inmates. *See Vance v. Peters,* 97 F.3d 987, 991 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997). Because Mr. Abner was a pretrial detainee, it is the due process clause of the Fourteenth Amendment rather

than the Eighth Amendment's proscription against cruel and unusual punishment which is the source of this right. *Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984, 989 (7th Cir. 2012) (citing *Bell v. Wolfish*, 441 U.S. 520, 535–37 (1979)). However, courts still look to Eighth Amendment case law in addressing the claims of pretrial detainees, given that the protections of the Fourteenth Amendment's due process clause are at least as broad as those that the Eighth Amendment affords to convicted prisoners. *Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 664 (7th Cir. 2012)(citing cases).

A claim based on deficient medical care must demonstrate two requirements: 1) an objectively serious medical condition, and 2) an official's deliberate indifference to that condition. *Farmer v. Brennan,* 511 U.S. 825, 114 S.Ct. 1970, 1976 (1994). The second requirement is a subjective one:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 114 S.Ct. at 1979.

The record reflects that the defendants were not deliberately indifferent to Mr. Abner's need for prescription medications. To the contrary, these defendants did not have any authority to prescribe medications to inmates and they reasonably relied on Dr. Everson's expertise. The Seventh Circuit has noted, "The policy supporting the presumption that non-medical officials are entitled to defer to the professional judgment of the facility's medical officials on questions of prisoners' medical care is a sound one." *Hayes v. Snyder,* 546 F.3d 516, 527 (7th Cir. 2008). This

policy is equally applicable to a nurse relying on the treating physician's orders regarding what prescription medications are appropriate when the nurse is not qualified to prescribe medications.

Under these circumstances, the defendants did not participate in any wrongdoing and they are entitled to judgment as a matter of law on both the state law negligence claim and constitutional claim. Accordingly, the motion for summary judgment, dkt. [27], is **granted.**

This Entry does not resolve all claims against all parties. No partial final judgment shall issue at this time as to the claims resolved in this Entry.

### IV. Further Proceedings

Mr. Abner was previously instructed to provide the Court with his current mailing address following his release from incarceration in March 2017. Dkt. 21. He has failed to do so. A court's ability to contact a litigant or the litigant's representative through the use of a reliable address is imperative to the court's ability to transmit its rulings and manage its docket properly, and is equally important to the litigants. Therefore, the plaintiff shall have **through June 29, 2017,** in which to notify the clerk in writing of his current address. The plaintiff's failure to comply with this Entry may result in the dismissal of this action for failure to prosecute without further notice to the plaintiff.

If the plaintiff submits his current address, additional steps shall be undertaken to locate and serve Dr. Everson. See dkt. 26 (Return of United States Marshal Service).

**IT IS SO ORDERED.**

Date: 6/5/2017

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

LAWRENCE ABNER, JR.
JACKSON COUNTY JAIL
150 East State Road 250
Brownstown, IN 47220